Number 211654, Jeff Moyer v. Lee VanPopering, argument not to exceed 15 minutes per side. Mr. Gurley, you may proceed for the appellants. May it please the court, Andrew Curtis for the appellant, Jeff Moyer, Chapter 7 trustee. I see the court has reserved three minutes for rebuttal. Thank you. Your Honor, the bankruptcy court committed two errors of law that required this court to reverse. First, the bankruptcy court erred in denying the trustee's motion for summary judgment based on the trustee's status as a bonafide purchaser and lien creditor under the bankruptcy code, where the bankruptcy court found that the debtor's lack of an enforceable title precluded the bankruptcy trustee from acquiring BFB or lien creditor status. That was incorrect because Michigan's brace notice recording statute is not based on the concept of title, but notice that the bonafide purchaser has, and the trustee did not have notice that the defendant claimed to still be the owner. Nothing in the record state of title, the chain of title for this property, would have put the trustee on notice. Second, the bankruptcy court erred when it ruled that the 2014 reconvenancing of the property by the debtors, which occurred during the bankruptcy case, did not constitute delivery and acceptance of the previously recorded deed from 2002 that had not been delivered. As a matter of Michigan law, the original grantor's request that the property be reconveyed to him constitutes delivery and acceptance of the original deed as a matter of law. And that would have been in order to the benefit of the bankruptcy estate because it occurred during the bankruptcy case. Can I ask you just about the bonafide purchaser statute? It seems to me you have to really manipulate the text of the statute to get the result you want. I think the result you want is valid. Maybe, as you know, someone should change the statute. But the way I read it, it's that unrecorded conveyances that are valid are void if they're not recorded. But you read it to say that recorded but defective conveyances are valid. So it's unrecorded conveyances are void, which is what the statute's text says. And you need it to say recorded but somehow otherwise defective conveyances are valid because of their recording. And I just don't see that when I go to the text. Your Honor, the Michigan Supreme Court has made the authority of interpretation and interpreted it consistently with the trustee's position, namely that whatever a trustee, because the trustee is bound by and is on constructive notice of that which he finds in the chain of title for a given property. And, and this is critical, he may rely on those as stating the true facts. And he may take them at face value. And what this chain of title reflected, the 2002 deed from the defendant reflected, was he had made a conveyance. And that is the extent of the bona fide purchaser's due diligence, is to inspect those instruments in the chain of title to take notice of them. And he may rely on that. So he has no ability to do that. So it's not for fraud, obviously. Well, fortunately, it's not because he's being on notice. Yes. But, so you didn't, so you switched from text to precedent. And maybe if you give me a case that kind of manipulates the text in the way you need, I'll definitely take a look at it. Because you're absolutely correct that we're bound by Michigan Court of Appeals. But I just, I don't need the text of the statute. And I'm having very much trouble understanding how to apply it. Well, the deed, the statute speaks in terms of conveyances, which are any. And the statute, this is critical, I think, Your Honor, is the statute contains a definition of conveyance. It does not adopt the common law definition of conveyance, which would help the defendant, because that would incorporate delivery and acceptance. It has its own definition that speaks strictly in terms of a written instrument that does or could affect title to a real property. That is all that's needed for it to be a conveyance. That is why the 2002 deed was a conveyance within the meaning of the recording statute. But how does that, how would that help you? Because that would still be a void? No, not because it was recorded. Yeah, it says every, well, every conveyance of real estate which should not be recorded is void. And your argument is, well, it will qualify as a conveyance. And it's somehow valid, I guess, is your argument. But the statute doesn't say, as long as it fits within the definition of conveyance, it's valid. It says things that fit within the definition of conveyance will be void if they're not recorded. The conveyance, let me make a perfect, be very clear on this, Your Honor. We do not contend, and the trustee's rights as a bona fide purchaser do not depend on the defendant, I'm sorry, excuse me, the debtor, having received a valid title. The conveyance does not have to be a valid conveyance to the debtor for the bona fide purchaser to acquire a title. That is critical, and that's clear from Burns versus Berry. Because in that case, as Michigan Supreme Court took pains to explain, after the first conveyance by Thorpe to Burns, who did not record, later then, Thorpe's heir conveyed the same property to Berry, who did record. And Michigan Supreme Court said, Berry never got anything by virtue of the deed by itself. The deed did not convey title because there was nothing left. Rather, the statute steps in and says, the BFP gets what he believed from an examination of the records he was acquiring. So the validity of the- If the defendant would step in and say, the reason he gets that is because the earlier conveyance, which would otherwise have been valid, because it was not recorded, is considered void. It becomes void at the moment when the BFP records. It is not void until then. That's fine. Yes, but- But you're interpreting the statute to say, as long as anything is on the recorded, it is automatically valid simply because of recording. And I'm not certain, but at least this provision only talks about voiding conveyances. It doesn't talk about making them valid. And I hope I'm not repeating myself, Your Honor. We don't need, for this court to reverse, and for the bona fide purchaser to acquire title, he doesn't have to have. His seller, here the debtor, who's deemed to be his seller, does not have to have a valid title. Burgess-Berry teaches that. The BFP, Berry, acquired title even though what his seller had was nothing, just as the debtor in this case. How does that help you? Even if I accept that as a given, all the statute does is void something, doesn't it? Well, by recording. So the trustee got a deed. As of the petition date, the trustee is deemed to have gotten a deed and recorded it. And his recording voided anybody's claim to the property that is not shown up in the title. So Mr. Van Poppering's deed, excuse me, Mr. Van Poppering's claim to the title was not reflected. The trustee can take, the trustee is a BFP, any BFP can take title that the chain of title appears to show is what he's acquiring. He's not bound by anything that doesn't show up in the chain of title. And the lack of delivery for acceptance could not be discerned by reviewing the instruments in the chain of title. And that is what causes the trustee, the statute is what gives the trustee. It's not the validity of his seller's title. In fact, I will say for sure, we are not contending that the debtor ever acquired title by virtue of the trustee's recording. He did not have to have a valid title. The trustee voided Mr. Van Poppering's, the defendant's claim to the property because there was nothing in the state of title that reflected it. His claim had to be reflected by an instrument in the chain of title. That is the only way that a race notice statute can work. But then you're basically saying that the mere recording established the property right. No, that's not what we're saying. I'm sorry, Your Honor. But what we're saying is that that entitled a bona fide purchaser to potentially acquire the property at the moment before the bankruptcy case was filed. And the trustee acquired this status. Mr. Van Poppering would have prevailed in a lawsuit with the debtor. He could have said, no, as between the two of us, I am the rightful title holder because I never delivered this deed. And that would be correct. But once the bankruptcy case was filed and the rights of a bona fide purchaser show up on the scene, now we have an issue of notice. And the trustee does not have notice, the bona fide purchaser does not have notice that there was no delivery. How is a race law statute supposed to operate when the trustee is bound by something that he has no ability to discern? So by analogy, you're saying, well, Van Poppering would win against the debtor. But if the debtor somehow found out about the deed that was recorded, although not delivered, he would be in a position to be able to transfer title to a BFP. That is correct, Your Honor. That's precisely our argument. If he had found out, assuming, of course, the BFP is without notice. Right. Yes. So the BFP, same position the trustee is in here, pays Mr. the debtor, make up a number. The property, this property just sold for $152,000 in 2017. Let's say it's $100,000. A BFP shows up, somehow they work out a deal, and he pays $100,000 to the debtor. Under the bank's court's ruling, he's out the property, even though the defendant created a situation where the state of the title, a bona fide purchaser would be led to believe that the debtor had title. And that is what the statute's all about, because you can't have certainty of titles if we have any sort of, if the bona fide purchaser is bound by anything that he can't find in the record state of title. What is the unrecorded, so I understand now that your claim is that, your claim is the title, the BFP's claim is the title. But what is the unrecorded conveyance that is holding it? Well, the unrecorded conveyance is there has to be something in the chain of title that establishes the defendant's claim. There was nothing in the state of title. If you want to find out where he claims his title, look at the 2014 deed. That was the deed that his attorney told him, you have to get this property back from the debtors. And that is what he used, in reality, to reestablish himself as the owner so that he could convey the property, along with his co-owner, to Wendy Mack in 2017. Wendy Mack could never have acquired the property without that 2014 deed. If... But, let's continue. So that 2014 stuff happened after the fact. I'm trying to think of how we would interpret this statute. You do have good, equitable arguments, I'll give you that. But what is the thing that is being voided in 2004? The lack of delivery? We're going to void the lack of delivery and treat it as delivered? And that's what's voided? What's voided, Your Honor, is the defendant's claim that he is the owner. For whatever reason, that claim of ownership has to be reflected in a recorded instrument. Otherwise, that claim is void. That is what is voided. There doesn't have to be a deed in existence at that moment, Your Honor. It's just that the lack of having a recorded instrument is what renders his claim to the property void. The word claim comes out of the definition of conveyance. Well, he would need a conveyance to be able to establish his rights. So, if he had a deed in his pocket, let's say the debtor had given him a deed the day before the bankruptcy and he put it in his pocket, he's no better off by having a deed that's not recorded than by never having the deed. In both situations, the trustee is without notice of his claim to the property of any conveyance. I say my time is up. I will... Yep, thanks for your time. Thank you, Your Honor. Thank you. Good morning, Your Honors. Mike Elnassian on behalf of Leib and Pomeroy. And I became involved in this case at this appellate stage. My immediate reaction to these facts were that maybe our law school exam questions were not all that far-fetched, but these bizarre facts only expose a policy argument for how a Michigan recording statute can result in confusion. And it can. But that is one argument for statutory reform. It is not a mistake in the application of the law itself. The law functions properly here. It does not function flawlessly, but it functions properly. And the lower court findings are not clearly erroneous. This court should affirm. The current construct of these legal principles can and do coexist with one another. The rebuttable presumption of delivery, the need for delivery and acceptance to have a legal conveyance, and the priority of competing conveyances under the BFP statute do properly coexist. Yes, this unique set of circumstances does identify certain area of confusion that can result. I think that the trustees are in the least satisfied with the text. If I was a purposeless judge, this would fit within the purpose of the statute, which is to eliminate confusion and perhaps put the onus on the person who is most likely to be able to fix the error because a trial of counsel is your client's strange decision to feed something that he didn't actually transfer that would have caused this confusion. So why shouldn't we say, since your client caused the problem, created the confusion, your client should have to assume the risk of what happens as a result? Because establishing that precedent would only trade confusion for chaos, John. As the court has pointed out, both at this level and below, if we adopt the trustee's conclusions here, what we are doing is we are elevating the recording of an instrument above all else, and that creates other unintended consequences. What the trustee desires here is perfection from imperfect alternatives in administering these legal principles. Hypothetically, if the debtor somehow found out, knows that he doesn't have the deed,  but realizes that it's been recorded and sells it to a third party who has no knowledge, who wins? Mr. Van Poppering would continue in his rightful legal title to the property because he never conveyed it as the grantor. He always retained that interest under Michigan law because of the failure of delivery and acceptance. So anyone after 2004, whatever hypothetical facts they would rely upon, whatever statute they would come to confront Mr. Van Poppering with, they would be confronting his original grantor's interest that was never impacted. And so in that circumstance, he would prevail. So are you saying that a BFP can't prevail in the absence of a valid conveyance regarding what the recording shows? Well, in this case, one of retained ownership, they can't prevail. Similarly, in the instance of a forged deed, the BFP could not prevail. So what I'm saying is the retained interest of the grantor, like a circumstance of a forged deed, would prevail against a BFP in the scenario that the court has described. With a BFP in this white hypothetical, would the buyer or the debtor have any type of, because that is a person who's treated quite unfairly in this scenario, would that person have any cause of action perhaps against the debtor for use of their property to get a loan or something to that effect? Well, almost certainly they would have a claim against the debtor in that circumstance. But the debtor never accepted the deed, never had valid ownership or title to provide to a BFP.  the grantee would have a remedy, and that remedy would be against the debtor. I briefly wanna turn my attention back to the 2014 deed because I think it's important for the court to consider that the 2014 deed back to Mr. Van Poppering, although really conveyed nothing, it was a matter of title insurance rather than a conveyance. The import of the 2014 deed was so that my client could accomplish with his tenant in common an actual completed sale of the property and obtain title insurance. It was simply a matter of cleaning up the record and the records. It has no legal impact on what the debtor was entitled to, and by extension, it had no impact on the bankruptcy. Why did, if he had never defeated it to the vote, why did they have to convey it back? Why didn't he just put a notice in the chain of title that this is a defective deed? That's an alternative. Because the suggestion of having to beat it back is a suggestion that he did actually have to leave with an actuating debt. Sure, so the law, we think, definitively answers that question. It was not conveyed. Why didn't he undertake some other type of method to correct the recording as that instrument existed in the chain of title? I can't speak to that. I don't know. Was there another alternative that the title insurance company could have lived with? Probably. Again, I don't think that it has any legal significance to whether or not the district court and bankruptcy court has properly interpreted and properly applied these coexisting principles. And so I can't answer that question now. When you evaluate all of these very fundamental principles, most of them have been acknowledged and conceded. And that's where the case comes to a stop. The rebuttable presumption has been acknowledged. It has been conceded that there was no delivery. There was no acceptance. So the import of the recording was disavowed as a result of the record evidence before the court. And the trustee in the underlying record has also acknowledged and conceded that the naked recording alone is not enough to bring property into the debtor's estate. Finally, your honors, the sequence of events here is really what's most determinative. We have followed all of the incohate rights that the trustee has identified, all of the countless hypotheticals that could result. But the sequence of the original deed, the bankruptcy filing, the 2014 deed, and the unequivocal testimony from the relevant witnesses about when they became aware, what knowledge they had and at what time really places these facts squarely within the principles of law that require delivery and acceptance and provide limited relief in limited circumstances when a BFP or a trustee in this instance is involved in trying to assert a claim against real property. That simply does not exist here. For that reason, we believe that this court should affirm the district court and the bankruptcy court's finding because there is no clearly erroneous application of the facts of law here. But there aren't any equitable considerations that a bankruptcy court can consider separate and apart from the application of the Michigan standards. Well, I think the bankruptcy court in certain circumstances has the ability to use equitable considerations when they're not otherwise governed by the bankruptcy code's limitation on what is property of the estate. And in this case, we think that the bankruptcy court is limited and restricted to do a very dispassionate analysis of what Michigan law requires for a conveyance of real property and under what circumstance can a conveyance be voided in favor of a prior recorded conveyance. And again, here, the reason why there is no discretion for equitable consideration is because that outcome confronts the grantor's original interest. And we want that that consideration confronts the grantor's original interest in the property. So it doesn't trigger the right of any, it doesn't trigger the right of any mechanism for the court to bring this property into the estate from which it could use equitable principles to determine what's in the estate versus what is not in the estate. That's- One of those equitable principles, favor your side. Well, again, if that's the case, Your Honor, then the court should be restricted to the statutory language of the bankruptcy code and the Michigan recording statute. If there are no further questions, I will stand on our breach. Thank you. Thank you. Thank you. Your Honor, the situation where a grantor has recorded a deed that does not reflect his intent and therefore does not constitute a valid conveyance has already been decided by the Michigan courts. In Bloomer v. Henderson, Bloomer gave a deed to Jones. Jones had not performed and did not have the right to record, but he gave him the deed. He had the power deed in his hand, but he had not yet performed. So under contract principles, he had no right to record the deed. Unless he records it, that deed, he was then able to grant a mortgage to a bona fide purchaser who prevailed over Bloomer, even though Bloomer arguably did not ever make a valid conveyance in the first place, exactly what happened in this case. The courts have already addressed this. Land Title Standard 23.1, Problem C, party has, which is based on the Juve case, a party has a contract to convey black acre. He also owns white acre. He mistakenly puts white acre in the legal description for the deed. A BFP of the grantee becomes a BF, I'm sorry, a purchaser of the grantee acquires title of white acre. Could you say that the original grantee received a valid conveyance of white acre? No, there was no intent to create a conveyance of that property interest. Nonetheless, the BFP prevails over the original owner. That is why, and frankly, the bankruptcy court's ruling, if affirmed, would open the door to any situation where there was an error, because then it would undercut that there was ever a valid conveyance in the first place. A mistake in the description, giving a deed instead of a mortgage, all of these would open up the Pandora's box and upset the certainty of titles that purchasers rely on. So the situation here has actually already been encountered. What about the fraud situation? Forgery is a different situation. A forgery is different. As a matter of law, there can be no such thing as a bona fide purchaser through a forgery. The Michigan courts have said, a person taking title through a forgery is deemed to know that it's a forgery. So we can never have a BFP through a forgery, and this is not a forgery. Are they interpreting the statute when they say that? How does that come about? It's not entirely clear, but I would suggest to you that using the statutory language, and I admit it's a bit archaic, but it comes from the 1800s, so it's a little hard to adapt it in 2022 here, but they are interpreting the statute, and I think what the language is, that that forged deed that gets recorded is not, quote, properly recorded within the statutory language. That, I think, supports that. Whether that's the judicial gloss or not, this is not a forgery case, Your Honor. But the bankruptcy court's ruling really would open things up because there's no limiting principle. Whatever the mistake is, you would have to say, if there's a mistake, then the grantee did not get a valid title, even if it's recorded, and even if a BFP has no way of knowing that that's a problem. So, literally, it would just completely flip the statute. What about the cases that say recording isn't enough? Recording is not enough for the grantee. So the debtor, in this case, did not acquire a title. I concede that point because there was no deliberate acceptance. It's a different question, though, whether a subsequent purchaser who relies on that deed is entitled to rely on it. And, in fact, the case law says, yes, he can because he has no notice that there was no delivery or acceptance, or, as I suggested in other cases, that the wrong property has been conveyed or the wrong type of instrument has been used. None of those things are noticed to a trustee or a bona fide purchaser. And the court must assume that the trustee is a bona fide purchaser of paid value, and he would have no right other than he has the right to the property, and it's up to the original grantor who has caused the problem by improperly recording, and that's what happened here. Mr. Van Pockering recorded a deed when he didn't intend to reflect an actual conveyance, and somebody came along and relied on it. Thank you. Thank you, Counselor. The case is submitted. We thank you for your advocacy today. I think that's the last case that we can adjourn for. Dishonorable Court is now adjourned.